**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

RLI INSURANCE COMPANY,

    Plaintiff,

v.                                                    Case No: 5:22-cv-478-JSM-PRL

JOHN LEHMAN and ALICIA LEHMAN,

    Defendants.

_____

## **ORDER**

This cause comes before the Court upon Plaintiff's Motion for Summary Judgment (Dkt. 31), Defendants' Response in Opposition (Dkt. 38), and Plaintiff's Reply (Dkt. 44). The Court, upon review of the relevant filings, and being otherwise advised in the premises, concludes that the motion should be denied because the record reflects that Defendants exhausted their primary coverage requirements.

## **DISCUSSION**

Defendant John Lehman maintained a personal umbrella liability insurance policy with Plaintiff RLI Insurance Company. The policy included an Excess Uninsured/Underinsured Motorist Endorsement ("Excess UM/UIM") that required Lehman to maintain and exhaust a certain amount of underlying insurance in order for the Excess UM/UIM coverage to apply.

On April 12, 2022, Lehman was involved in a car accident in Citrus County, Florida. Lehman was driving his Dodge Ram truck. Defendant Alicia Lehman was Lehman's

spouse at the time of the accident.  RLI filed this federal action against Lehman and his spouse, seeking a declaration that the umbrella policy did not provide Excess UM/UIM coverage for Lehman's accident because Lehman failed to maintain and exhaust the requisite underlying policy limits.

Specifically, the accident resulted in catastrophic loss and Lehman's damages well-exceeded his primary coverage.  RLI argues that Lehman agreed to maintain a specific amount of UM insurance on his Basic Policy, i.e., his primary auto insurance policy in the amount of $250,000.   At the time of the accident, Lehman held an auto insurance policy with Mapfre Insurance Company ("Mapfre"), which carried "stacked" UM coverage, with maximum limits of $100,000 per person and $300,000 per occurrence, multiplied by two insured vehicles, for a total of $200,000.  Lehman's Dodge Ram truck is a covered auto on Mapfre's policy.

The record reflects that Mapfre agreed to provide coverage to Lehman for the car accident under its policy because he was occupying a covered auto.  Mapfre tendered its full, stacked policy limit of $200,000.

Lehman also held a "Collector Vehicle Insurance Policy" with Philadelphia Indemnity Insurance Company ("Philadelphia"), which carried "non-stacked" UM coverage, with a combined single limit of $500,000.  The Philadelphia Policy's UM coverage applied to accidents that occurred while the insured was occupying an auto insured on the policy.  Initially, Philadelphia denied UM benefits to Lehman for the subject accident because the collector policy did not provide UM coverage for accidents

that occurred while he was injured in his Dodge Ram truck, a vehicle owned by him but not insured on the collector policy.

Philadelphia's coverage denial prompted RLI to file this action, seeking a declaration that RLI owed Lehman no excess UM coverage under the umbrella policy, because Lehman failed to maintain the requisite underlying UM limits.   RLI contends that the Excess UM Endorsement on the RLI PUP eliminates coverage for failure to maintain the applicable Minimum Limit of Coverage as shown in the Required Basic Policies section of the Declaration for UM coverage.   The Required Basic Policies section of the Declarations states that the named insured "will be covered by an Automobile liability policy for any Automobile you operate . . . for at least the minimum limits listed below." The Minimum Limit of Coverage listed on the Declarations for UM is $250,000 each person.   The automobile liability policy for the Dodge Ram truck Lehman was driving was the Mapfre policy.   The total minimum limit of coverage for UM on Lehman's Mapfre policy was $200,000, and not the $250,000 he was required to maintain in order for his excess UM coverage on the RLI PUP to apply.   RLI argues that it is therefore entitled to summary judgment because there is no excess UM coverage available to Lehman for the accident.

Defendants' response, which is supported by Lehman's Affidavit, points out that during the pendency of this action, Philadelphia agreed to tender $50,001 in order to settle Lehman's underlying breach of contract claim against Philadelphia.   By way of background, after RLI filed this action, Defendants filed an action against Philadelphia and others (including RLI) regarding, among other things, the denial of coverage under the

policies.   Defendants argue that: "This is not a case wherein the Lehmans did not pay a specific premium for excess underinsured motorist coverage.   The undisputed facts show that the Lehmans paid a specific excess underinsured motorist premium for years prior to the date of the accident on April 12, 2022.   Instead, RLI has wrongfully disclaimed excess underinsured motorist benefits which were included in Lehmans' Personal Umbrella Liability Policy with RLI.   RLI's contention that the Lehmans were $50,000 short of the Required Basic Policies limit of $250,000 is no longer in dispute as one of the primary insurers has reversed its denial of coverage and settled for $50,001."   (Dkt. 38).

The Court agrees with Defendants that RLI's basis for filing this lawsuit is "no longer in dispute."   It is axiomatic that an umbrella liability insurance policy "is designed only to come into play after the exhaustion of certain underlying insurance coverage." *Chicago Ins. Co. v. Dominguez*, 420 So. 2d 882, 884 (Fla. Dist. Ct. App. 1982); accord *United Educators Ins. v. Everest Indem. Ins. Co.*, 372 F. App'x 928, 931 (11th Cir. 2010) ("[E]xcess policies only activate after the exhaustion of primary policies."); *Publix Super Markets, Inc., v. Fireman's Fund Ins. Co.*, No. 8:22-CV-2569-CEH-AEP, 2023 WL 6049680, at *6 (M.D. Fla. Sept. 15, 2023) ("An insurer's obligations under an excess policy typically are not triggered unless coverage is exhausted under an underlying, or primary, policy."); *Word v. Ill. Union Ins. Co.*, No. 807-CV-1513-T-33TGW, 2009 WL 152866, at *6 (M.D. Fla. Jan. 22, 2009) (holding that an excess policy "was not triggered unless or until the exhaustion" of the underlying limits).

Here, the record reflects that the underlying insurance coverage was exhausted. Accordingly, RLI's obligations under the excess policy are triggered.   As this was the only

basis for RLI's declaratory action, the Court must deny the motion for summary judgment. As RLI points out in its reply, it would be inappropriate for the Court to enter any affirmative declaratory relief in Defendants' favor because Defendants never cross claimed against RLI or even filed a cross motion for summary judgment. Presumably, this is because Defendants filed a separate breach of contract action against RLI in state court. That said, the Court believes Defendants are entitled to judgment in their favor because they prevailed in this lawsuit. In an abundance of caution, and because Defendants did not file a cross motion for summary judgment, the Court provides Plaintiff fourteen (14) days from the date of this Order to file a motion explaining why the Court should not enter final judgment in Defendants' favor.

It is therefore ORDERED and ADJUDGED that:

1. Plaintiff's Motion for Summary Judgment (Dkt. 31) is denied.

2. As stated above, if the parties cannot agree on the entering of a final judgment in Defendants' favor because there is no basis to proceed further with this lawsuit, Plaintiff shall file the appropriate motion explaining why judgment should not be entered within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this January 4, 2024.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

5